**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| **IN RE: RICO RENARD LOTT, JR., DEBTOR** | ) | **CASE NO. 19-04396-NPO CHAPTER 13** |
| | ) | |
| **RICO RENARD LOTT, JR.** | ) | **PLAINTIFF** |
| | ) | |
| **VS.** | ) | **ADV. PROC. NO. ________** |
| | ) | |
| **NU-WAY AUTO** | ) | |
| | ) | **DEFENDANT** |

**COMPLAINT**

COMES NOW, Plaintiff, Rico Renard Lott, Jr, by and through undersigned counsel, and files this his Complaint against Nu-Way Auto, Defendant, respectfully showing unto the Court as follows:

**Jurisdiction and Venue**

1. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtors in that case.

2. This Court has both personal and subject matter jurisdiction to hear this case pursuant to §§ 1334, 151, 157(a), and 157(b)(2) of Title 28 of the United States Code.

3. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

4. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final judgment and order by the Bankruptcy Judge.

5. Venue lies in this District pursuant to Section 1409 of Title 28 of the United States Code.

**Parties**

6. Rico Renard Lott, Jr. is a Debtor under Chapter 13 of Title 11 of the United States Code in case number 19-04396 and is an adult resident of Jackson, Hinds County, Mississippi. Rico Renard Lott, Jr. is hereinafter referred to as the Plaintiff or the Debtor.

7. The Defendant, Nu-Way Auto, has their principal place of business located at 12083 Highway 49, Gulfport, MS 9503. Stan Sumrall is listed as a Registered Agent of Nu-Way Auto, as per filings with the Mississippi Secretary of State. Mr. Sumrall may be served on behalf of the Defendant at 18210 Autry Dr, Gulfport, MS 39501.

**Factual Allegations**

8. Defendant Nu-Way Auto repossessed a 2013 Chevrolet Camaro belonging to Plaintiff from 46 Rawls Springs Loop Road, Hattiesburg, Mississippi on December 3, 2019.

10. Defendant committed Conversion and False Imprisonment by chaining the Camaro to the tow truck with Plaintiff inside the car and driving to the car lot.

11. Plaintiff filed a petition for relief under the Bankruptcy Code on December 12, 2019.

12. Defendant Nu-Way Auto was listed on the Schedules and received notice from the Bankruptcy Court.

13. The Plaintiff listed Nu-Way Auto as a secured creditor in his bankruptcy schedules and Plan.

14. Despite having knowledge of Debtor's bankruptcy case, Nu-Way Auto refuses to turn over Debtor's vehicle.

15. The Rollins Law Firm sent notice via facsimile on or about December 13, 2019 stating that Nu-Way Auto was included in the bankruptcy.

16. The Rollins Law Firm has contacted Nu-Way Auto by phone several times on December 12, 2019 and December 13, 2019.

17. As of the date of filing of this petition, Nu-Way Auto still refuses to turn over the Debtor's vehicle.

18. The Debtor requires this vehicle for transportation, including travel to and from his job.

**FIRST CLAIM FOR RELIEF**

**Violation of the Automatic Stay**

**[11 U.S.C. § 362]**

19. Plaintiff hereby adopts and incorporates by reference the prior allegations as if set out fully herein.

20. The actions of Defendant, in refusing to turn over the 2013 Chevrolet Camaro, after receiving notice of the bankruptcy filing, are in violation of the Automatic Stay, 11 U.S.C. §362, and constitute contempt of bankruptcy court orders. These actions were an attempt to collect the debt owed by the debtor.

21. The actions of Defendant, in refusing to turn over the vehicle to Plaintiff, were willful and intentional, after receiving multiple notices of the filing of this bankruptcy case.

**SECOND CLAIM FOR RELIEF**

**(Injunctive Relief)**

**[11 U.S.C. § 105(a)]**

22. Plaintiff hereby adopts and incorporates by reference the prior allegations as if set out fully herein.

23. Defendant is in possession of Debtor's vehicle.

24. The Debtor is entitled to turnover of this property, which is currently controlled by Defendant.

25. Plaintiff alleges that Defendant has refused to turn over the vehicle.

26. As such, Plaintiff requests an interim, interlocutory and permanent injunction restraining Defendant from disposing of this vehicle, pending trial or until otherwise ordered by this Court.

**THIRD CLAIM FOR RELIEF**

**(Conversion)**

27. Plaintiff hereby adopts and incorporates by reference the prior allegations as if set out fully herein.

28. On the day in question, Plaintiff witnessed Defendant's tow truck near his vehicle in the parking lot of his place of employment. Plaintiff attempted to peacefully interrupt the

repossession of his vehicle. Plaintiff entered his vehicle and attempted to drive away. Defendant then chained the vehicle to the tow truck and drove to the Nu-Way Auto car lot located at 2006 West Pine Street, Hattiesburg, MS 39401 with the Plaintiff still inside the vehicle.

29. Defendant's breach of the peace by forcefully chaining the vehicle to a tow truck despite Plaintiff's protest constitutes Conversion under Mississippi law according to *Wallace v. United Mississippi Bank*, 726 So. 2d 578 (Miss. 1998).

30. Plaintiff does not have to show that Defendant intended to be a wrongdoer, or that he acted in bad faith. *Terrell v. Tschim*, 656 So. 2d 1150 (Miss. 1995).

**FOURTH CLAIM FOR RELIEF**

**(FALSE IMPRISONMENT)**

31. Plaintiff hereby adopts and incorporates by reference the prior allegations as if set out fully herein.

32. Plaintiff contends that Defendant unlawfully held or imprisoned him by chaining Plaintiff's vehicle to a tow truck and driving against his will a distance of approximately five miles constitutes False Imprisonment. Defendant's actions were not objectively reasonable in nature, purpose, extent, or duration upon examination of the totality of the circumstances. *Whitten v. Cox*, 799 So.2d 1 (Miss. 2000).

WHEREFORE, the Plaintiff having set forth his claims for relief against Defendant, respectfully prays of the Court as follows:

A. For an interim, interlocutory and permanent injunction restraining Defendant from disposing of the 2013 Chevrolet Camaro, pending trial or until otherwise ordered by this Court;

B. That the vehicle be declared property of the Debtor's bankruptcy estate.

C. That the Plaintiff have and recover against Defendant a sum to be determined by the Court in the form of actual damages;

D. That the Plaintiff have and recover against Defendant a sum to be determined by the Court in the form of punitive damages;

E. That the Plaintiff have and recover against Defendant all reasonable legal fees and expenses incurred by her attorneys;

F. That an Order be entered directing turnover of the above described property of the estate and requiring Defendant to turn over the 2013 Chevrolet Camaro of the Debtor; and

G. That the Plaintiff have such other and further relief as the Court may deem just and proper.

Dated this the 3oth day of December, 2019

/s/ Thomas C. Rollins, Jr.
Attorney for Plaintiff

Thomas C. Rollins, Jr.
MS Bar No. 103469
The Rollins Law Firm
774 Avery Blvd. N, Ste. D
Ridgeland, MS 39157
trollins@therollinsfirm.com
601-500-5533